JOHN IACCARINO, Esq. (Bar No. 126649)
WADE S. CHURCH, Esq. (Bar No. 256727)
IACCARINO & CHURCH, LLP
533 Airport Blvd., Suite 400
Burlingame, CA 94010
Tel: 650-548-2600
Fax: 650-548-2601

Attorneys for DEBTOR
KRISTINA MARIE PEREZ KROW

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>KRISTINA MARIE PEREZ KROW<br><br>           DEBTOR. | CASE NO.    12-31601- DM<br><br>CHAPTER 7<br><br>MOTION FOR RECONSIDERATION OF ORDER FOR CONTEMPT ON FIRST AMENDED COMPLAINT; EVIDENCE IN SUPPORT OF MOTION; DECLARATIONS IN SUPPORT OF MOTION |

TO: MONTGOMERY SANSOME, LP; LEONARD NORDEMAN, AND THEIR ATTORNEYS OF RECORD, and ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Debtor KRISTINA MARIE PEREZ KROW (hereafter DEBTOR) hereby moves the Court for Reconsideration of the ORDER DENYING DEBTOR'S MOTION FOR VIOLATION OF THE POST DISCHARGE INJUNCTION as to MONTGOMERY SANSOME'S (hereafter MS) FIRST AMENDED STATE COURT COMPLAINT (hereafter FAC) issued by this Court on June 1, 2015 (*See* attached Order Exhibit A). This motion is based on new evidence that emerged from the state court trial regarding MS' FAC and bears directly on the issue of MS' contempt of this Court.

///

1

## JURISDICTION OF THE COURT

Debtor's Motion for Contempt, heard June 1, 2015, contended MS's FAC was based on a claim previously discharged by DEBTOR's Chapter 7 bankruptcy and the claim was in violation of the discharge injunction against collection efforts under Bankruptcy Code § 524(a)(2). DEBTOR respectfully requests the Court reconsider the Order as allowed under Federal Rule of Civil Procedure, Rules 60 (b)(2) and (3) and 60 (d)(1) and (3). This Motion is timely made as required by FRCP 60 (c) in that less than one year has passed since entry of the Order and the newly discovered evidence could not have been discovered with reasonable diligence. The evidence was elicited at trial of the underlying San Mateo Superior Court action, Case Number CIV526808, filed by MS against DEBTOR, during MS's case in chief. The trial concluded with a judgment in favor of DEBTOR.

The newly discovered evidence establishes that MS's continuing prosecution of its State Court action against DEBTOR was based on an obligation that pre-dated DEBTOR's petition for Chapter 7 bankruptcy discharge and constituted a conscious and knowing violation of DEBTOR's post-discharge injunction protections. The sworn testimony from Leonard Nordeman and the state court findings of fact and judgment establish conclusively that the lodestone of MS' claims, the "Litigation Agreement", was not a new and separate agreement but was a reworded replica of a pre-petition obligation that DEBTOR allegedly had with MS and that DEBTOR never "voluntarily re-entered the fray" by the signing it.

Leonard Nordeman's sworn trial testimony revealed for the first time that the purported agreement and obligation of DEBTOR to sue her first party insurance carrier for the benefit of MS and Nordeman *existed before* DEBTOR's petition for Chapter 7 bankruptcy relief and that the "Litigation Agreement" (also referred to as Exhibit E to MS's FAC) restated an earlier pre-petition agreement that MS contended was allegedly lost until the end of the state court trial.[1] However,

---

[1] Nordeman's testimony that he always knew that there was a "signed agreement" between himself and DEBTOR (entitled "Assignment of Litigation Rights and Benefits") that existed in or around January, 2012, belies his true intent concerning whether the agreement was lost or not. Nordeman, who was going through his own Chapter 7 bankruptcy must have surely known that he could not just have DEBTOR re-sign the original Assignment agreement as it would have been backdated and discharged. Instead, through his various legal advisors, he crafted the Litigation Agreement and added some bankruptcy trustee abandonment language but otherwise, the essential terms of the Litigation Agreement are identical to the Assignment in terms of recovery allocations in favor of MS.

the evidence at trial also established that MS coerced, threatened and forced DEBTOR into signing the Litigation Agreement and MS knew with certainty it was based upon an alleged agreement made pre-petition in direct violation of the injunction that protects debtors from collection efforts attempted by creditors after the debtor's Chapter 7 discharge order.

During the trial, MS failed to prove it *ever even delivered a fully executed copy of the Litigation Agreement before DEBTOR revoked her coerced offer and thus, there was never an enforceable post-petition agreement whatsoever.* MS has been solely engaged in seeking its collection of DEBTOR's pre-petition debt and has attempted to cover its tracks by misrepresentations to this Court in order to pursue and harass the DEBTOR. DEBTOR respectfully submits that had these facts been available to DEBTOR at the time of her last Motion, the evidence would have existed justifying a ruling in favor of DEBTOR's request for injunctive relief. Moreover, it is evident from the wording of the prior order that the Court relied upon the representations of MS and its counsel for the basis of its determination that DEBTOR had *voluntarily* undertaken a new post-petition obligation.

This Court retains jurisdiction over this matter on the basis the Discharge of Debtor Order issued on 10/16/2012. If the Court believes a hearing is necessary to resolve the matter, DEBTOR requests a hearing be set.

## PROCEDURAL BACKGROUND IN THE BANKRUPTCY COURT

On January 9, 2015, this Court heard DEBTOR's *first* Motion to hold MS in contempt for violation of the injunction against collection efforts of a discharged debt. This Court granted that motion in part, and denied the motion in part. This Court specifically found MS was in contempt as to some of its claims but that DEBTOR *voluntarily* re-entered "the fray" by signing the Litigation Agreement, purportedly a new and separate contract that arose after DEBTOR's petition for bankruptcy. Where did this conclusion come from? The language reflects the representations made by MS in its opposing brief to DEBTOR's original motion for sanctions. MS stated unequivocally:

> "...(2) [T]here was no obligation to sue Farmers
> Insurance Company ("Farmers") until months after she
> filed her bankruptcy when she signed Exhibit E. *Infra*

Section III C." (See MS Opposition to DEBTOR's initial Motion for Contempt at Page 6, lines 7-9 as referenced in Wade Church's declaration in support hereto.) [Emphasis added to the original.]

"...Nor is the breach of contract claim in the State Action "related to" the bankruptcy, as it arises out of a post-petition agreement that **became operable only after the *Perez bankruptcy closed*** and the claim against Farmers was "abandoned" to Perez. *Id; supra* Section II C." (See MS Opposition to DEBTOR's initial Motion for Contempt at Page 11, lines 15-18 as referenced in Wade Church's declaration in support hereto.)

The Order following that hearing authorized further future hearing to determine the amount of the contempt sanctions and required MS file an amended complaint based only upon the "Litigation Agreement" if it chose to do so. Upon the disposition of this Motion to Reconsider, DEBTOR will seek a mutually convenient hearing time for this Court to consider what sanctions against MS would be appropriate.

MS was ordered to amend the complaint to remove the second cause of action "Common Counts" because it violated the injunction against the collection of discharged debts. The Court permitted the first cause of action "Breach of Contract" to proceed but only as it related to the single post-petition agreement; the "Litigation Agreement," one (1) of five (5) contracts attached to the original and amended complaints as Exhibits A – E.

After being served with MS's FAC on March 15, 2016, DEBTOR maintained that MS was still proceeding on a claim that was a violation of the discharge injunction and renewed its Motion for contempt as to the FAC on May 7, 2016. This Court denied the *second* motion and it is that Order that DEBTOR respectfully requests the Court reconsider. Based upon the newly discovered evidence and the judgment against MS, DEBTOR is now in possession of concrete proof that MS had not only violated the discharge injunction, but was aware of the violation even while defending against the first motion for contempt, and continued to violate the injunction purposefully, knowingly and with malice to cause the maximum cost in time, emotional distress and legal fees to DEBTOR.

///

4

**PROCEDURAL BACKGROUND IN THE STATE COURT ACTION**

MS's initial San Mateo County state court complaint against DEBTOR was filed on February 18, 2014. Once Debtor was served, MS's then counsel (Tracy Tumlin), was made aware of the post-discharge injunction against collection efforts contained in Bankruptcy Code § 524. Thereafter, Mr. Tumlin withdrew as MS's counsel of record for the state court action against DEBTOR. Mr. John Cigavic III, Esq., substituted in as counsel on August 6, 2014.

MS is a seasoned litigant with dozens upon dozens of state court collection actions in almost every Bay Area county. MS's litigation modus operandi might be characterized as a form of economic pressure designed to extract money based on claims (whether meritorious or not) that would otherwise cost enormous sums to defend. Once MS files a lawsuit and forces the defendant to "ante up" through incurring the cost of litigation, eventually the named defendants settle rather than risk the payment of further expenses and the risk of losing the lawsuit. Here, Mr. Cigavic, as MS's counsel, increased the pace and breadth of litigation, undertook excessive discovery, including eight (8) percipient depositions, filed motions to compel and two unsuccessful motions for summary judgment and repeated demands for large monetary settlement. All the while without an enforceable agreement in its possession that could form the basis of a valid claim.

On June 3, 2015, DEBTOR substituted in new counsel, Thomas Harrelson, for the state court action. Mr. Harrelson filed a verified answer to the verified FAC. The case went to trial and the truth was delivered after MS presented it case in chief. Leonard Nordeman had used threat, intimidation and coercion to force DEBTOR into signing the Litigation Agreement, but never delivered an executed copy of the contract to her. He admitted that the Litigation Agreement was a post petition "re-write" of a pre-petition agreement (Assignment of Litigation Rights & Benefits). (See the Declaration of Thomas M. Harrelson in Support of DEBTOR's Motion, Paragraph 6, beginning on Page 3, Line 8 and ending on Page 5, Line 22.) MS even proffered a poor copy of the allegedly executed Assignment of Litigation Rights & Benefits Agreement that was allegedly signed by DEBTOR and dated in January, 2012. (See generally the Declaration of Thomas M. Harrelson in support of DEBTOR's Motion, Paragraph 6 beginning of page 3.)

After MS finished its case in chief, on DEBTOR's Motion for Judgment, the state court

judge found in favor of DEBTOR on four separate bases: 1) the Litigation Agreement was never fully entered into; 2) that DEBTOR's signature on the document was induced by duress and coercion; 3) that the Agreement was void and illegal because it was determined to be unconscionable; and 4) the Litigation Agreement violated the California Insurance Code Sections 15006-15007. Thus, despite all its representations to the contrary, there was no post-petition agreement, because it never came into existence. MS was churning on the alleged pre-petition obligation on the part of DEBTOR to sue Farmers for the primary benefit of MS, an obligation discharged by her Chapter 7 proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

The FRCP, Rule 60 provides the mechanism for consideration of new evidence to vacate or modify the original ruling 60(b)(2), and also for reconsideration of fraud or misrepresentation by an opposing party 60(b)(3). The trial testimony and documents produced show the level of bad faith behavior engaged in by MS against DEBTOR and the Court's decision of the Superior Court Judge confirmed these facts. There could be no clearer course than to set aside the Order and find in favor of DEBTOR. Federal Rules of Civil Procedure, Rule 60(b)(2) permits relief from a prior order on basis of newly discovered evidence which by due diligence could not have been discovered. (See *Meineker v Hoyts Cinemas Corp.* (2004, ND NY) 325 F Supp 2d 157.) Additionally, Rule 60(b)(3) authorizes a court to relieve a party from a judgment where "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" has occurred. (See *Thomason v. Thomason (In re Thomason)* (U.S.Bankr.9th Cir. June 26, 2009, Nos. ID-09-1000-MoDH, ID-09-1001-MoDH) 2009 Bankr. LEXIS 4551, at *12-13, fn. 7.)

This is the proper forum for this motion as this Court continues to have jurisdiction over this matter via the original bankruptcy discharge as well as the motion for contempt. At the hearing on the Motion for Contempt concerning the FAC, this Court was blindsided by lack of truthful information and the misrepresentations made by MS and their counsel. The procedure was also proper, despite the concerns of opposing counsel, in that an adversary proceeding in not the procedural format for the violation of § 524. "A motion for contempt for violation of a discharge injunction under § 524 must be brought via motion in the bankruptcy case, not via an adversary

6

proceeding". (See *Barrientos v. Wells Fargo Bank, N.A.* (9th Cir. 2011) 633 F.3d 1186, 1188.)

Additionally, this motion is based on new evidence that was solely in possession of MS until the state court trial. At that time, DEBTOR had repeatedly informed Plaintiff that their actions were in violation of the discharge injunction, but had no idea that Plaintiff knew all along that their actions, even prior to our involvement in the case, were actions based solely on a pre-petition agreement and were actions in contempt of the order of this Court. Those allegations would most certainly have been made if they had been known to DEBTOR.

DEBTOR has suffered significant attorney fees and costs, not to mention the emotional stress and strain of this protracted lawsuit. The damages caused by MS's fraud on this Court justifies DEBTOR being made whole for all attorney fees and costs DEBTOR was forced to bear in her protracted fight against the bullying, lying and false statements made under oath by MS, as well as any other sanction this Court determines appropriate.

In addition to the recovery of the attorney fees and costs expended as a result of MS's fraud on the Court, the discretion to *sua sponte* order further sanctions as a deterrent to others who would knowingly violate the discharge injunction is clearly warranted.

On January 7, 2016, judgment in favor of DEBTOR was entered in the state court action. (See the attached Declaration of Thomas M. Harrelson in support of DEBTOR's Motion, Page 2, Paragraph 4 & Exhibit A attached thereto.) The trial in the state court uncovered the extent of MS's bad faith behavior and moribund evidence as it attempted to provide proof that an Agreement existed. MS's own case in chief provided the evidence that it never executed the Agreement and engaged in fraud and coercion, perpetrated upon DEBTOR, for the previous four years of her involvement with MS. DEBTOR was forced to seek legal counsel to deal with the coercive and bullying tactics employed by MS in collecting a debt that it knew full well was already discharged. Such actions by DEBTOR were necessary to protect herself from MS and Nordeman as her only remedy to enforce the rights granted her by this Court by reason of her prior discharge.

## ARGUMENT

Any collection effort or attempt to make a claim for a discharged debt is a violation of the bankruptcy code. MS has been made aware of this violation on numerous occasions prior to the

filing of the original complaint in state court, prior to the initial Motion for Contempt filed in this Court, prior to the filing of the FAC in state court, prior to the Motion for Contempt arising out of the FAC and again prior to the beginning of the trial in San Mateo County Superior Court. The actions of MS for the last four years have been to wrongfully engage DEBTOR in litigation. The facts are now exposed which were previously only known to MS. The only way MS could persist in its debt collection efforts, its illegal debt collection efforts, against DEBTOR was to force DEBTOR to sign a "new" contract after she had filed for a Chapter 7 bankruptcy. MS was well aware of this, and for that reason harassed, threatened and cajoled DEBTOR into signing the "Litigation Agreement" knowing full well it was only a bogus reaffirmation agreement.

It is for the foregoing reasons DEBTOR brought the first and second motions for contempt and respectfully request the Court to reconsider DEBTOR's second motion for contempt and sanction MS and its general partner, Leonard Nordeman personally, to be jointly and severally liable, all for the knowing violation of the Bankruptcy Code and order the fees and costs of bringing this motion, as well as the fees and costs in defending DEBTOR in the state court action to be paid to DEBTOR.

///
///
///
///
///
///
///
///
///
///
///
///
///

Case: 12-31601    Doc# 53    Filed: 05/24/16    Entered: 05/24/16 15:59:21    Page 8 of 19

PRAYER

WHEREFORE, DEBTOR prays:

1.  This Court find MS and Leonard Nordeman in contempt of this Court for failure to comply with the bankruptcy code and order of discharge.

2.  We respectfully request this Court to order MS and Nordeman to pay sanctions according to proof, including attorney's fees, compensation for DEBTOR's resulting cost of defending the state court actions

3.  , As allowed under 11 U.S.C. § 362(k)(1) compensation for her emotional distress caused by this willful violation of the Bankruptcy Code and the Order of this Court.

4.  For such other relief as the Court may deem just and proper.

Dated: May 24, 2016                     _____/s/ Wade S. Church_____
                                        Wade S. Church, Attorney for DEBTOR
                                        KRISTINA MARIE PEREZ KROW

REQUEST TO TAKE JUDICAL NOTICE

NOTICE IS HEREBY GIVEN, pursuant to the provisions of Rule 201 of the Federal Rules of Evidence, that DEBTOR hereby requests the Court to take judicial notice of the following matter:

1.  All pleadings, orders, and records and the judgment in the Superior Court of California in and for the County of San Mateo, Case No. CIV 526808, the Notice of Entry of Judgment on the Amended Complaint which is attached. (*See* Exhibit B).

2.  All pleadings that have been filed and served within this action and specifically the DEBTOR's prior motions for sanctions and MONTGOMERY' oppositions thereto.

Dated: May 24, 2016                     _____/s/ Wade S. Church_____
                                        Wade S. Church, Attorney for DEBTOR
                                        KRISTINA MARIE PEREZ KROW

# EXHIBIT A

1 | MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758 Signed and Filed: June 1, 2015
2 | RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
3 | Mountain View, CA 94043-1375
Tel.: (650) 694-4700
4 | Fax: (650) 694-4818
E-mail: ccmoran@moranlaw.net

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

5 | Attorneys for Montgomery-Sansome

6

7

8

9

10 |                 UNITED STATES BANKRUPTCY COURT
11 |       FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 3

12

13 | In Re:                                    )    Chapter 7
14 |                                           )
     KRISTINA MARIE PEREZ KROW,                )    Bankruptcy No. 12-31601
15 |                                           )
                                               )    Date:  May 29, 2015
16 |                                           )    Time:  10 a.m.
                                               )    Place: 22nd Floor
17 |              Debtor.                       )
                                               )    HON. DENNIS MONTALI
18 | _____       )

19 |      **ORDER DENYING MOTION FOR SECOND VIOLATION OF POST**
                         **DISCHARGE INJUNCTION**
20
21 |      This matter came before the court at the date and time set forth above.  Wade

22 | Church appeared for movant Kristina Perez Krow; Cathleen Cooper Moran and John H.

     Cigavic, III appeared for Montgomery-Sansome, L. P.  For the reasons stated on the
23
     record, the motion is denied.
24
                               ***END OF ORDER***
25

26

27

28
                                          -1-

COURT SERVICE LIST

All participants are ECF filers.

EXHIBIT B

FILED
SAN MATEO COUNTY

JAN 1 8 2016

Clerk of the Superior Court
By _____
DEPUTY CLERK

1  THOMAS M. HARRELSON (CA Bar No. 114346)
   JULIAN J. HUBBARD (CA Bar No. 106469)
2  HARRELSON & ASSOCIATES
   533 Airport Boulevard, Suite 300
3  Burlingame, CA 94010
   Telephone:    650/373-3300
4  Facsimile:    650/373-3302

5  Attorneys for Defendant KRISTINA PEREZ KROW
   (kna Kristina Perez)
6

7            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                IN AND FOR THE COUNTY OF SAN MATEO

9

10  MONTGOMERY SANSOME, LP, et al.          Case No.: CIV 526808

11                 Plaintiffs,              **NOTICE OF ENTRY OF JUDGMENT**

12  v.                                      Judge:  The Honorable Joseph C. Scott
                                            Dept:   Department 25, Courtroom 2G
13                                          Date:   November 16, 2015
    KRISTINA PEREZ KROW, et al.;            Time:   9:00 a.m.
14

15                 Defendants.              Complaint Filed:  February 18, 2014
                                            Trial Date:       November 3, 2015
16

17  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

18      PLEASE TAKE NOTICE that on January 5, 2016, the Honorable Joseph C. Scott

19  signed Defendant KRISTINA PEREZ KROW's ORDER OF JUDGMENT ON MOTION

20  PURSUANT TO C.C.P. §631.8.  This Order was endorsed-filed on January 7, 2016 by the

21  above-entitled Court, a true and correct copy of which is attached hereto.

22  Dated: January 13, 2016                 HARRELSON & ASSOCIATES
23

24

25

26                                          Thomas M. Harrelson, Counsel for KRISTINA
                                            PEREZ KROW (kna Kristina Perez)
27

28

                                   1
                   NOTICE OF ENTRY OF JUDGMENT

THOMAS M. HARRELSON (CA Bar No. 114346)
JULIAN J. HUBBARD (CA Bar No. 106469)
HARRELSON & ASSOCIATES
533 Airport Boulevard, Suite 300
Burlingame, CA 94010
Telephone:    650/373-3300
Facsimile:    650/373-3302

Attorneys for Defendant KRISTINA PEREZ KROW
(kna Kristina Perez)

**ENDORSED FILED**
**SAN MATEO COUNTY**

JAN 0 7 2016

Clerk of the Superior Court
By  KARLA ST. PIERRE
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

MONTGOMERY SANSOME, LP, et al.

Plaintiffs,

v.

KRISTINA PEREZ KROW, et al.;

Defendants.

Case No.: CIV 526808

[PROPOSED] ORDER OF
JUDGMENT ON MOTION
PURSUANT TO C.C.P. § 631.8

Judge:    The Honorable Joseph C. Scott
Dept:     Department 25, Courtroom 2G
Date:     November 16, 2015
Time:     9:00 a.m.

Complaint Filed:    February 18, 2014
Trial Date:    November 3, 2015

The Motion of Defendant KRISTINA PEREZ KROW for judgment pursuant to *Code of Civil Procedure* Section 631.8 was heard on the above date and time during the court trial of this action. Appearing on behalf of Plaintiff, MONTGOMERY SANSOME, LP, was John H. Cigavic, III, Esq. and appearing on behalf of Defendant, KRISTINA PEREZ KROW, was Thomas M. Harrelson, Esq. and Julian J. Hubbard, Esq.

After the presentation of six and one half days of testimony and documentary evidence before the Court, and upon motion made by Defendant for Judgment and hearing oral argument from all Parties to the case, the Court made the following findings of fact and conclusions of law as to the following issues:

1.    There was no evidence presented to meet Plaintiff's burden that a valid and enforceable contract was ever formed between Plaintiff and Defendant concerning the

1

Litigation Agreement which was attached as Exhibit E to Plaintiff's verified First Amended

Complaint. Specifically, Defendant's execution of the Litigation Agreement on September

14, 2012, constituted an offer by Defendant which required Plaintiff's acceptance. Plaintiff's

acceptance also had to be communicated to Defendant prior to Defendant's revocation of her

offer. There was no evidence presented by Plaintiff that Mr. Nordeman spoke to Defendant

from September 14, 2012 to January, 2013. There was no evidence presented that Plaintiff or

his office staff provided Defendant with a fully executed copy of the Litigation Agreement at

any time prior to the first day of trial. The bad faith lawsuit filed by Plaintiff against

Farmers' Insurance Company was filed without Defendant's knowledge and three days after

she executed the Litigation Agreement, she was in pro per and her dismissal of the Farmers

bad faith lawsuit in December, 2012 constituted a revocation of her original offer which

would end any attempt by Plaintiff to enforce the Litigation Agreement. As a result,

Defendant and Plaintiff never had a binding Litigation Agreement that Plaintiff could enforce

through its breach of contract cause of action in its first amended complaint;

      2.    Notwithstanding the above finding that the Litigation Agreement between

Plaintiff and Defendant was never a binding contract, even if there was a formed and binding

contract between the parties, the evidence clearly demonstrated that Defendant's signature to

the Litigation Agreement (Exhibit E to Plaintiff's verified First Amended Complaint) was

procured through threats, intimidation and undue influence. Mr. Nordeman admitted to

making threats to Defendant that he or his company would sue Defendant if she did not

follow-through with the lawsuit and these threats pre-dated Defendant's signing of the

Litigation Agreement. There was credible evidence from Mr. Nordeman that he might raise

the issue of whether Defendant was involved in bankruptcy fraud in Defendant's pending

bankruptcy proceeding and there was evidence from Defendant that she became aware of this

threat from Dr. Fretty prior to her executing the Litigation Agreement on September 14,

2012. There was also evidence that Mr. Nordeman again threatened Defendant in February,

2013 if she did not perform he would sue her. Based upon the totality of the evidence

presented at trial, the Court finds that Defendant's signature to the Litigation Agreement was

2

obtained through coercion and threats against Defendant and therefore, the Litigation

Agreement is void and unenforceable as against Defendant herein;

3.   Notwithstanding the above finding that the Litigation Agreement between

Plaintiff and Defendant was never a binding contract, even if there was a formed and binding

contract between the parties, the evidence clearly demonstrated that bad faith action filed by

Plaintiff on behalf of Defendant against Farmers' Insurance Company had little or no value.

The supporting evidence included correspondence from two attorneys who represented Mr.

Nordeman and his company, Montgomery Sansome, LP, as well as Mr. Nordeman's own

testimony.  The correspondence from Plaintiff's attorneys was sent to Defendant's

bankruptcy attorney and to Defendant's bankruptcy trustee, during Defendant's Chapter 7

bankruptcy proceeding for the purpose of trying to convince Defendant's bankruptcy trustee

that the bad faith claim should be abandoned by the trustee.  Each of these attorneys made

written representations on behalf of Plaintiff that the bad faith case had little or no value.

Thereafter, in February, 2013, yet another attorney for Plaintiff made a similar statement that

the bad faith case had no value.  Because of the coercive and threats made by Plaintiff to

Defendant and the representations made by agents for Plaintiff of the lack of value in the bad

faith claim, the  Litigation Agreement was both procedurally and substantively

unconscionable pursuant to Civil Code Section 1670.5 and thus unenforceable as against

Defendant;

4.   Notwithstanding the above finding that the Litigation Agreement between

Plaintiff and Defendant was never a binding contract, even if there was a formed and binding

contract between the parties, the Court finds clear evidence that the Litigation Agreement is a

public adjusting agreement  subject to the California Insurance Code (California Insurance

Code Sections 15006-15007); that the validity and enforceability of the Litigation Agreement

required Plaintiff be licensed as a Public Adjuster and that by the admission of Mr.

Nordeman, he was never properly licensed as a public adjuster; that Defendant exercised her

right to void such an agreement and did so in her verified answer to Plaintiff's First Amended

[PROPOSED] ORDER OF JUDGMENT ON MOTION PURSUANT TO C.C.P. § 631.8

1  Complaint as well as during her trial testimony and therefore, the Litigation Agreement

2  was unenforceable as to Defendant upon that basis as well.

3      Satisfactory proof having been made, and good cause appearing,

4  **IT IS ORDERED THAT JUDGMENT BE ENTERED IN FAVOR OF**

5  **DEFENDANT.**

6

7

8  Date: _____JAN 0 5 2016_____          JOSEPH C. SCOTT

9                                        HONORABLE JOSEPH C. SCOTT
                                         JUDGE OF THE SUPERIOR COURT
10

11  Approved as to Form.

12

13  Date: _____

14

15

16  _____

17  John H. Cigavic, III, Esq., Counsel for Plaintiff,
    Montgomery Sansome, LP

18

19

20

21

22

23

24

25

26

27

28

                                    4

[PROPOSED] ORDER OF JUDGMENT ON MOTION PURSUANT TO C.C.P. § 631.8

*Montgomery Sansome, LP v. Kristina Perez Krow, et al.*
**San Mateo County Superior Court Case No. CIV 526808**

## PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. My business address is 533 Airport Boulevard, Suite 300, Burlingame, California 94010. I am over the age of 18 years and not a party to the foregoing action.

On **January 13, 2016,** I caused to be served the following document(s):

### NOTICE OF ENTRY OF JUDGMENT

[ X ]   By regular First Class U.S. mail, by placing a true copy thereof enclosed in a sealed envelope to the parties set forth below in the ordinary course of business at HARRELSON & ASSOCIATES I mailed, with the correct amount of postage, said documents by depositing that same day in a U.S. mail receptacle.

[ ]   By Overnight Delivery on the following party(ies) in said action, in accordance with CCP §1013(c), by placing a true copy thereof enclosed in a sealed envelope, with delivery fees paid or provided for, in a designated area of outgoing overnight mail, addressed as set forth below. In the ordinary course of business mail, placed in that designated area and is picked up that same day for delivery the following business day.

[ ]   By personally delivering a true copy of the above listed pleadings, in accordance with Code of Civil Procedure §1011, to the person(s) and at the address(es) set forth below.

John H. Cigavic III, Esq.
BASIC LEGAL SERVICES
201 Mission Street, Sutie 1200
San Francisco, CA 94105
Tel: (415) 859-5065
Fax: (414) 432-4301

Attorney for Plaintiff Montgomery Sansome, LP

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this document was executed on **January 13, 2016,** at Burlingame, California.

Theresa K. Johnston